******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

GERARD STACK *v.* HARTFORD DISTRIBUTORS, INC.
(AC 39160)

Alvord, Bright and Mihalakos, Js.

*Syllabus*

The plaintiff, whose employment with the defendant company was termi-
nated, filed an application seeking an order to proceed with arbitration
on the basis of an arbitration clause contained in the parties' employment
agreement. The trial court granted the plaintiff's application and ren-
dered judgment thereon, from which the defendant appealed to this
court. On appeal, the defendant claimed that the court erred in ordering
the parties to proceed with arbitration because the parties' dispute did
not arise out of the employment agreement. Specifically, the defendant
claimed that a supplier agreement, read in conjunction with its bylaws
and our corporate governance statutes, provided an independent basis
for the termination of the plaintiff's employment outside of the employ-
ment agreement and, thus, that there was nothing to arbitrate under
that agreement. *Held* that the trial court properly rendered judgment
ordering the parties to proceed to arbitration; the plaintiff's application
for an order to proceed with arbitration was brought on the basis of
his claim that his employment was terminated in violation of the parties'
employment agreement, pursuant to which the parties had agreed to
arbitrate any disputes regarding the interpretation or enforcement of
the agreement or any provision thereof, there was no dispute that the
defendant terminated the plaintiff's employment or as to the existence
of the arbitration clause in the employment agreement, and although
the defendant claimed that the employment agreement was void and
unenforceable, it challenged the validity of the entire employment con-
tract, not the arbitration provision, and our Supreme Court has deter-
mined previously that an arbitration provision is severable from the
remainder of the contract and that, unless the challenge is to the arbitra-
tion clause itself, the issue of the contract's validity should be considered
by the arbitrator in the first instance.

Argued November 14—officially released December 26, 2017

*Procedural History*

Application for an order to proceed with arbitration,
brought to the Superior Court in the judicial district of
Hartford, where the court, *Elgo, J.*, rendered judgment
granting the application, from which the defendant
appealed to this court. *Affirmed.*

*Matthew T. Wax-Krell*, with whom, on the brief, was
*Andrew W. Krevolin*, for the appellant (defendant).

*Andrew L. Houlding*, for the appellee (plaintiff).

*Opinion*

BRIGHT, J. The defendant, Hartford Distributors, Inc. (Hartford Distributors), appeals from the judgment of the trial court granting the application, filed by the plaintiff, Gerard Stack, for an order to proceed with arbitration pursuant to the parties' employment agreement. On appeal, Hartford Distributors claims that the court erred in ordering the parties to proceed with arbitration because the parties' dispute did not arise out of the parties' employment agreement. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history, as set forth by the trial court or as otherwise contained in the record, inform our review. The parties initiated in the Superior Court two related matters. In the present matter, Stack, on July 27, 2015, made application to the court for an order to proceed with arbitration on the basis of the arbitration clause contained in the parties' November 2, 2010 employment agreement. In the related matter, *Hartford Distributors, Inc.* v. *Stack*, Superior Court, judicial district of Hartford, Docket No. CV-15-6061301-S, Hartford Distributors filed a declaratory judgment action seeking a finding that the parties' employment agreement is invalid, void and of no effect; Hartford Distributors also requested a finding that Stack's employment had been terminated in a lawful manner. Stack sought, inter alia, a stay of the declaratory judgment action pending the resolution of the arbitration in the present action. The court heard argument on both matters in a joint hearing.

In its memorandum of decision, the court explained the parties' dispute as follows: "As a distributor of Anheuser-Busch, Inc. [Anheuser-Busch], products, Hartford Distributors is subject to its Wholesaler Equity Agreement (supplier agreement) with Anheuser-Busch. The supplier agreement authorizes Ross Hollander, Hartford Distributors' Chief Executive Officer and Manager for purposes of the supplier agreement . . . to hire and terminate [the employment of] all other employees responsible for the promoting, marketing, pricing, selling, advertising, merchandising, delivering and servicing of Anheuser-Busch products. Hartford Distributors claims that the supplier agreement, and the rights and responsibilities of . . . Hollander, survived a subsequent merger between itself and Franklin Distributors (Franklin), by virtue of the merger agreement and [the] Amended and Restated Bylaws of Hartford Distributors, which became effective upon the merger. Stack, as director and shareholder of Franklin, authorized the merger, which also included execution of the employment agreement between Stack and Hartford Distributors. One of the terms at the closing of the merger also included the execution of a shareholders agreement, in which the board of directors of the surviving entity, Hartford Distributors, would be two former

shareholders of Franklin (Stack Family Group), two former shareholders of Hartford Distributors prior to the merger (Hollander Family Group), and one independent member. At the same time, Stack was elected as Vice President of Sales by the new board of directors, with responsibilities for promoting, marketing, selling, advertising and merchandising of Anheuser-Busch products. Contradicting the terms of the supplier agreement, the employment agreement between Stack and Hartford Distributors requires a vote of at least two thirds of the members of the board of directors, including the vote of a director elected by the Stack Family Group, in order to involuntarily terminate [the employment of] Stack.

"Hartford Distributors alleges [in the declaratory judgment action] that prior to the termination [of Stack's employment], Stack had engaged in serious misconduct in breach of the employment agreement . . . . Following Hollander's termination of [Stack's employment] as a result of these alleged violations, Stack Family Group members of the Board moved to suspend the termination [of Stack's employment] . . . which failed 2 [to] 2, with the Stack Family [Group] aligning to suspend the termination, and the Hollander Family Group aligning against suspension. Because Hartford Distributors also represents that members of the Stack Family Group have indicated that [they] would never vote to terminate the employment of a Stack Family Group member, Hartford Distributors claims that the employment agreement is an invalid lifetime employment contract, effectively disabling it from terminating Stack Family Group employees even when there is a breach of fiduciary duty.

"For his part, Stack claims [in his application for order] that the employment agreement is enforceable and its terms require arbitration of any dispute arising from the interpretation or enforcement of the agreement." (Internal quotation marks omitted.)

Hartford Distributors objected to the application for order to proceed with arbitration on the ground that the dispute did not arise from the employment agreement because: "(1) [it] had the right to terminate [Stack's employment] regardless of the terms of his employment agreement; (2) the employment agreement was, and is, an invalid lifetime employment contract in that Hartford Distributors is disabled from terminating as a result of fiduciary breaches of the [Stack Family Group] elected board members who refuse to vote to terminate his employment; and (3) . . . Stack fraudulently induced Hartford Distributors to enter into the employment agreement and, therefore, it is invalid, void, and of no effect."

On the basis of these facts and its application of the law, the court granted Stack's application for order to proceed with arbitration, and, in the related declaratory

judgment matter, it issued a stay. Hartford Distributors, thereafter, filed a motion for reconsideration, arguing that the court's decision did not properly address the issue raised regarding Hartford Distributors' alleged right to terminate Stack's employment independent of the employment agreement, which had been alleged in count one of the declaratory judgment action. The court denied the motion to reargue, reaffirming its holding that arbitration was required, but noting that Hartford Distributors "acknowledges that it will still proceed with count one [of the declaratory judgment action] even if it does not prevail at arbitration."

Hartford Distributors now appeals from the judgment of the trial court granting the application for order to proceed with arbitration.

On appeal, Hartford Distributors claims that the court erred in ordering the parties to proceed with arbitration because the parties' dispute did not arise out of the employment agreement. Hartford Distributors argues that the termination of Stack's employment did not involve "a dispute arising out of the interpretation or enforcement of the [parties'] employment agreement, and, therefore, the arbitration provision [contained in that agreement] is not applicable. . . . The trial court erroneously held that this dispute is subject to arbitration [on the basis of General Statutes §§ 52-410 and 52-409][1] and on *C. R. Klewin Northeast, LLC* v. *Bridgeport*, 282 Conn. 54, [919 A.2d 1002] (2007)." (Footnote added.) In particular, although Hartford Distributors appears to concede that the arbitrator should decide its contention that the employment contract is void and unenforceable, it argues, nonetheless, that the supplier agreement, read in conjunction with Hartford Distributors' bylaws and our corporate governance statutes, provides an independent basis for termination of Stack's employment outside of the employment agreement. Consequently, it argues that there is nothing to arbitrate under the employment agreement. Not surprisingly, Stack argues that the terms of his employment, including how and when his employment can be terminated, expressly are governed by the parties' employment agreement, which requires arbitration of any disputes arising thereunder. We agree with Stack that he is entitled to have an arbitrator decide whether he was terminated properly under the employment agreement.

"Arbitration is a creature of contract. . . . It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law. . . . [A] person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed to do so. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. . . . Further, pursuant to Connecticut's statutory arbitration scheme, that agreement must be expressed in a writing." (Citations omitted; internal quotation

marks omitted.) *Green* v. *Connecticut Disposal Service, Inc.*, 62 Conn. App. 83, 86–87, 771 A.2d 137, cert. denied, 256 Conn. 912, 772 A.2d 1124 (2001); see also General Statutes § 52-408.

"Whether a particular dispute is arbitrable is a question for the court . . . . The manifestation of arbitrability may be by express provision to that effect or the use of broad terms . . . and courts must look to the plain language of the contract and construe the contract as a whole when determining the intent of the parties." (Internal quotation marks omitted.) *Lussier* v. *Spinnato*, 69 Conn. App. 136, 143, 794 A.2d 1008, cert. denied, 261 Conn. 910, 806 A.2d 49 (2002). "[T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . . Although the intention of the parties typically is a question of fact, if their intention is set forth clearly and unambiguously, it is a question of law." (Citation omitted; internal quotation marks omitted.) *State* v. *Philip Morris, Inc.*, 279 Conn. 785, 796–97, 905 A.2d 42 (2006).

Here, the application for order to proceed with arbitration was brought on the basis of the parties' employment agreement, which was attached as an exhibit to the application. In that agreement, which was entered into by the parties on November 2, 2010, the parties agreed, specifically in paragraph 14, to arbitrate any disputes "regarding the interpretation or enforcement of this Agreement or any provision hereof" that could not be settled by mediation administered by the American Arbitration Association. Additionally, paragraph 16 of the agreement provided in relevant part that "[t]his Agreement shall constitute the entire Agreement between [Hartford Distributors] and [Stack] with respect to the subject matter hereof."

In his application for order to proceed with arbitration, Stack contended that his employment was terminated in violation of the parties' employment agreement, and he requested that the Superior Court order the parties to arbitration in accordance with the arbitration clause contained in the parties' employment agreement. There is no dispute that Hartford Distributors terminated the employment of Stack. There also is no dispute that there is an arbitration clause contained in the parties' employment agreement. As to Hartford Distributors' claims that the employment agreement is void and unenforceable, our Supreme Court in *C. R. Klewin Northeast, LLC* v. *Bridgeport*, supra, 282 Conn. 75, concluded that "an arbitration provision is severable from the remainder of the contract

. . . [and], unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." (Internal quotation marks omitted.) Here, Hartford Distributors attempts to challenge the validity of the entire employment contract, not the arbitration provision. We conclude, on the basis of the foregoing, including the clear holding in *C. R. Klewin Northeast, LLC*, that the court properly rendered judgment ordering the parties to proceed to arbitration.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 52-410 provides in relevant part: "(a) A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court for the judicial district in which one of the parties resides . . . to any judge thereof, for an order directing the parties to proceed with the arbitration in compliance with their agreement. . . ."

General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."